

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK:SSS                  *271 Cadman Plaza East*
F. #2013R01274           *Brooklyn, New York 11201*

August 5, 2016

**REQUEST TO FILE APPENDIX UNDER SEAL**

By Email and ECF

The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:     United States v. Gary Kershner
                   Criminal Docket No. 13-452 (S-2) (ENV)

Dear Judge Vitaliano:

        The government respectfully submits this letter in support of a restitution order against the defendant Gary Kershner in the amount of $873,473.06 in connection with his sentencing, which is not yet scheduled. Attached to this letter is an appendix containing three tables that show the amount and name for each victim who lost money in transactions related to the pump-and-dump schemes for RSGR, TMHO and NKRN stocks.[1] The transactions were taken from the "blue sheets," which provide detailed information about trades in a particular stock performed by firms and their clients. Here, the tables show only the victims' trades, having omitted the names of known co-conspirators and anyone who gained money, and grouped together each victim's trades to determine a total loss amount for each victim as a result of the scheme. To be clear, any possible gain was deducted from the loss amount. As a practical matter, we have only included victims who lost at least $25 because that is the Clerk's Office typical minimum amount to issue checks. As will be discussed more fully infra, the government requests that the attached table be attached under seal to the judgment and conviction.

        The law supporting this restitution order and the methodology used to generate the tables are as follows.

I.      Restitution and The Mandatory Victims Restitution Act ("MVRA")

        Federal courts have no inherent power to order restitution, but rather, Congress must confer such authority by statute. The Federal Probation Act of 1925 authorized courts to

---

[1] These only include trades that occurred in and between 2009 and 2014, which is during the time period of the second superseding indictment.

impose restitution solely as a condition of supervision.  This Act controlled restitution until a series of statutory changes in the 1980s.  In 1982, the Victim and Witness Protection Act authorized courts to impose restitution as a separate sentence.  The Violent Crime Control and Law Enforcement Act of 1994 was the first statute expressly making restitution mandatory for specific crimes, such as sexual abuse, sexual exploitation, and domestic violence.  The Mandatory Victims Restitution Act of 1996 ("MVRA") greatly expanded the notion of mandatory criminal restitution.

      A.    <u>The MVRA</u>

The MVRA, which is found in Title II of the Antiterrorism and Effective Death Penalty Act of 1996, was enacted on April 24, 1996.  The MVRA significantly reformed the structure and enforcement of criminal restitution by:

1.    making restitution mandatory, as a separate term of the sentence for all crimes of violence and Title 18 offenses against property.  18 U.S.C. § 3663A(c)(1);

2.    requiring the court to enter a restitution order for each defendant, without regard to the defendant's economic situation, who has been convicted or pleaded guilty to most crimes.  18 U.S.C. § 3664(f)(1)(A);

3.    providing consolidated procedures for the issuance of restitution orders. 18 U.S.C. § 3664; and

4.    enhancing the post-conviction enforcement of restitution orders.  18 U.S.C. § 3613(a) (the United States may use practices and procedures for enforcement, as provided under federal or state law).

Any provisions of the MVRA for determining whether to impose restitution or the amount of restitution may be applied only prospectively, to offenses completed on or after April 24, 1996.

      B.    <u>Covered Categories of Crimes/Covered Victims</u>

The MVRA requires the court to order a defendant to make full restitution to each victim of, <u>inter alia</u>, an offense against property under Title 18 or 21 U.S.C. § 856(a), including any offense committed by fraud or deceit.  Thus, restitution is mandatory in this and all of its related cases.

The MVRA is inapplicable and restitution shall not be ordered if the number of victims is so large as to make restitution impracticable or determining complex issues of fact relating to restitution would so complicate or prolong the sentencing process that the need to provide restitution is outweighed by the burdens on the sentencing process.  <u>See</u> 18 U.S.C. §§ 3663A(c)(3); 3664(a); 3663(a)(1)(B).  Any identifiable victim who has suffered a pecuniary loss as a direct and proximate result of the defendant's criminal conduct, however, shall be entitled to restitution.  These include identifiable victims of substantive criminal counts, <u>see</u> 18 U.S.C. §§ 3663(a)(1)(A) and (a)(2) and 3663A(a)(1) and (2), or of a conspiracy, <u>see</u> 18 U.S.C. §§ 3663(a)(2) and 3663A(a)(2).

C.      Restitution Procedures

The procedures for issuance and enforcement of judgments of restitution are set forth in 18 U.S.C. § 3664 and by incorporation in 18 U.S.C. §§ 3571-3574 and 3611-3615.  See 18 U.S.C. § 3664(m).  The court shall order restitution to each victim in the full amount of each victim's losses, without consideration of the economic circumstances of the defendant.  18 U.S.C. § 3664(f)(1)(A).

Restitution may only be awarded to identified victims for identified losses.  The victim, however, is not required to file an affidavit of loss.  The court solely needs information "sufficient for the court to exercise its discretion in fashioning a restitution order."  18 U.S.C. § 3664(a).

To meet this standard, the prosecutor is required to provide a list identifying the amounts subject to restitution after consulting, to the extent practicable, with all identified victims, the total loss and the identity of the victims for the court.  18 U.S.C. § 3664(d)(1).  After reviewing the report, the court may require additional documentation or hear testimony.  18 U.S.C. § 3664(d)(4).  The court may refer any issue to a magistrate judge.  18 U.S.C. § 3664(d)(6).

All restitution disputes shall be resolved by a preponderance of the evidence.  18 U.S.C. § 3664(e).  As to the victims, that lower burden is held by the government.  Yet, the burden of establishing the defendant's financial resources is on the defendant.  Id.

II.     The Government's Restitution Methodology for the Pump-and-Dump Scheme Victims and the Restitution Order Requested in the Instant Case

As the Court is aware, Kershner's sentencing only concerns the RSGR, TMHO and NKRN pump-and-dump schemes described in the second superseding indictment.  The raw blue sheet data, which includes the dates of the transactions and victims' addresses, shows each individual's trades during the time period of the indictment.  Any known co-conspirator was removed from the list of victims, along with anyone who made a profit on the overall trades.  In the tables, all such victims are identified by name and the specific amount of their losses.  Therefore, all victims named in the appendix have been confirmed to suffer pump-and-dump losses during the period of the count of conviction.

With the appendix, the government has provided a list identifying the amounts subject to restitution while consulting, to the extent practicable, with all identified victims, the total loss and the identity of the victims for the Court.  18 U.S.C. § 3664(d)(1).  Therefore, the government respectfully requests that the Court make findings of fact adopting the list as established by a preponderance of the evidence.  The government also requests that the Court impose a specific, liquidated judgment amount for the restitution, payment of which will begin immediately upon the issuance of the restitution order.  If immediate payment is not ordered, the length of time over which scheduled payments are made shall be the shortest time in which full payment can reasonably be made.  18 U.S.C. § 3572(d)(2).  The government also requests that the order (and ultimately the judgment) state that the defendant is jointly and severally liable with co-defendants William Seals and Cort Poyner and co-conspirator Mohammed Dolah for the pump-and-dump scheme relating to RSGR only in the amount of $247,595.15, co-conspirator

Joseph Manfredonia for TMHO and NKRN in the amount of $625,877.91, and co-defendant Songkram Sahachaisere for RSGR and TMHO in the amount of $403,874.59.  In addition, the restitution order should provide that, after sentencing, the defendant must provide the Court and the government with notice of any material change in the defendant's economic circumstances that might affect his ability to pay restitution.  See 18 U.S.C. §§ 3664(k) and 3771 (the Criminal Victims Rights Act).  Similarly, full financial disclosure should be a condition of any supervised release.

III.   Sealing

        The government respectfully requests that the appendix to this letter be filed under seal (a public version will also be filed).  The victims' names in this scheme have not been made available to the public and the disclosure now may invite additional harm to these individuals.  Notably, the defendants in a related scheme approached the same victims repeatedly.

        Under these circumstances, the parties' countervailing interests in the victims' privacy outweigh the public's qualified right to access.  As the facts set forth above provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006), the government respectfully requests that the Court record those findings and file the appendices to this letter under seal.

IV.   Conclusion

        For the foregoing reasons, the government respectfully submits that the Court should issue a restitution order against the defendant Kershner in the amount of $873,473.06. The restitution order should be incorporated into the judgment and should expressly state that it is (1) imposed pursuant to the MVRA as a crime involving fraud; (2) payable immediately; and (3) imposed jointly and severally with the co-defendants and co-conspirators described above.

                                        Respectfully submitted,

                                        ROBERT L. CAPERS
                                        United States Attorney

                        By:      /s/
                                        Sylvia Shweder
                                        Assistant U.S. Attorney
                                        (718) 254-6092

cc:    Lee Ginsberg, Esq. (by ECF and email)
       U.S. Probation Officer Patricia A. Sullivan (by email)

4